CHIEF JUSTICE PETERS
delivered tiie opinion op the court:
This action was brought by appellant against appellee for damages sustained on account of the loss of a boat load of stone-coal, the boat laden with coal being at the time on the wharf of appellee, and for which he was charged and had paid the city two dollars per day. A demurrer was sustained to the petition and the same was dismissed; and that judgment appellant now seeks to reverse.
It is alleged by appellant that appellee, in the exercise of the power granted in the act of incorporation, established a wharf, including the shores of the Licking and Ohio rivers, within its corporate limits, and by an ordinance declared the same to be public landings within the meaning of said ordinance, and that each and every coal-boat landing at, or occupying said wharf, shall pay the sum of two dollars per day, or part of a day, Sundays excepted. That about the 21st of December, 1865, he owned a boat load of coal, of ten thousand eight hundred and sixty bushels, which was at appellee’s wharf, on the Ohio river, between Scott and Greenup streets, and having paid the wharfage to the city, hitched his lines to rings prepared by appellee for the purpose, which were attached to bolts inserted in timber or pieces of *619 wood planted perpendicularly in the ground. The lines with which the boat was hitched were properly connected with said boat containing said coal, and properly tied in said rings, when a volume of water, such as is common at that season of the year, descended the Licking river, and formed an eddy below said boat, causing the water to flow up stream with force sufficient to tighten the lower cable, and to pull up the stake to which the boat was fastened; thus the boat was loosened, and the end swung round with such force and violence as to wrench it, and to spring a leak, and to cause the boat to sink, despite all the efforts the appellant, assisted by a number of experienced hands, could put forth to prevent it; and by the sinking of the boat he lost about eight thousand four hundred and sixty bushels of his coal, worth one thousand dollars or more, all of which would have been prevented by putting a stake of sufficient size and strength seven feet in the ground, instead of three feet, which was the depth the stake was sunk in the ground to which his boat was tied; and that the loss he sustained was caused by the negligence, carelessness, and unskillfulness of appellees, in not procuring a sufficient stake and putting it the proper depth in the ground.
It is insisted that the loss of the coal is too remote a consequence of the act complained of to hold the appellee responsible; and, therefore, the demurrer was properly sustained.
It is true that the rise in the Licking river was the direct and immediate cause of the loss to appellant; but that was a thing that occurred with the return of every winter and spring; and if appellee undertook to prepare and keep a wharf, and charge for the landing and anchorage of boats, it was its duty to protect them against *620 the dangers of the ordinary floods in Licking river, if that could have been done by the exercise of reasonable care and skill, which it is alleged in the petition could have been done; and the manner of doing it as set forth would have required neither extraordinary skill nor unreasonable labor and expense, and only such as it was the duty of the city to use and expend, if it could thereby have given security to vessels against the danger of a rise in Licking river, which was of common occurrence.
It would seem, therefore, from the facts alleged, and which on demurrer are taken as true, the injury complaided of by appellant was the proximate and natural consequence of the omission of appellee to provide the means of securing the boat against danger from the occurrence by which it was lost.
Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.